UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| RONALD BRADBERRY, | ) | 3:11-CV-0668-RCJ (VPC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | October 11, 2013 |
| | ) | |
| NEVADA DEPARTMENT OF CORRECTIONS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN   REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Several motions are pending before the court.  The court will address each motion in turn.

### #63  Plaintiff's motion to counter strike defendants' docket #62

Plaintiff's motion to counter strike defendants' motion to strike (#63) is **DENIED.**

### #65  Plaintiff's motion for sanctions

Plaintiff's motion requesting sanctions pursuant to Rule 11 of the Fed.R.Civ.P for fraud (#65) is **DENIED**.

### #66  Plaintiff's motion for appointment of counsel

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 109 S.Ct. 1814 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  *Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332 (9th Cir. 1990). Without a reasonable method of securing and compensating counsel, this court will seek

volunteer counsel only in the most serious and exceptional cases. A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The court exercises discretion in making this finding.

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The court is faced with similar cases almost daily. The court will not enter an order directing the appointment of counsel in this case. The plaintiff has demonstrated that he is able to litigate this case on his own. He has filed a complaint and motions with the court. The plaintiff may have the assistance of law clerks at the prison.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel (#66) is **DENIED**.

### #73  Plaintiff's motion – Rule 9 pleading special matters

Plaintiff's motion (#73) is **DENIED**.

### #78  Plaintiff's motion – Rule 9 pleading special matters 2(b) – perjury

Plaintiff's motion (#78) is **DENIED**.

### #79  Plaintiff's motion to strike defendants' opposition to plaintiff's motion to strike

Plaintiff's motion (#79) is **DENIED**.

### #80  Plaintiff's motion for reconsideration of the court's order #68

Plaintiff's motion for reconsideration (#80) is **DENIED**.

### #85  Plaintiff's motion for hearing

Plaintiff's motion for hearing (#85) is **DENIED**.

### #86  Defendants' motion to declare plaintiff a vexatious litigant

Defendants' motion to declare plaintiff a vexatious litigant is under submission with the Court and a separate order will issue on this motion.

**#95  Defendants' motion for extension of time to file joint pretrial order**

      Defendants' motion for extension of time to file joint pretrial order (#95) is **GRANTED**. The joint pretrial order was filed on September 17, 2013 (#96) and it shall be considered timely filed.

    **IT IS SO ORDERED.**

                                       LANCE S. WILSON, CLERK

                  By: _____/s/_____
                                Deputy Clerk