# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RONALD BRADBERRY,                )
                                 )    3:11-cv-00668-RCJ-VPC
         Plaintiff,              )
    v.                           )    **REPORT AND RECOMMENDATION**
                                 )    **OF U.S. MAGISTRATE JUDGE**
NEVADA DEPARTMENT OF             )
CORRECTIONS, *et al*.,           )
                                 )
         Defendants.             )    November 18, 2013
_____  )

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion for vexatious litigant in this matter and pre-filing restrictions (#86).[1] Plaintiff opposed (#91). The court has thoroughly reviewed the record and recommends that defendants' motion for vexatious litigant (#86) be denied without prejudice.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Ronald Bradberry ("plaintiff"), a *pro se* inmate, is currently incarcerated at High Desert State Prison in the custody of the Nevada Department of Corrections (#89). On September 19, 2011, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials violated his constitutional rights while he was housed at Northern Nevada Correctional Center (#6). The court screened the complaint pursuant to 28 U.S.C. § 1915A, and permitted

---

[1] Refers to the court's docket numbers.

-1-

plaintiff's Eighth Amendment excessive force claim, Fourteenth Amendment due process claim, First Amendment retaliation claim, and supervisory liability claims to proceed (#5, p. 10).

On October 4, 2012, defendants filed a motion for summary judgment (#41). On August 30, 2013, the District Court adopted this court's Report and Recommendation and denied defendants' motion for summary judgment with respect to plaintiff's Eighth Amendment excessive force claim against defendants Aten, Henson, Wiley and Miller and granted summary judgment in favor of defendants on all other claims (#93).

Before the decision on defendants' motion for summary judgment, on June 25, 2013, they filed a motion for vexatious litigant in this matter and pre-filing restrictions (#86). Defendants argue that plaintiff has established a pattern and practice of filing frivolous motions and has engaged in other behavior expressly prohibited by the court in this matter as well as by the Federal Rules of Civil Procedure. *Id*. at 2. Defendants point out that at a November 5, 2012 hearing the court addressed eleven filings by plaintiff and that between March and June 2013 plaintiff filed thirteen motions, notices and exhibits. *Id*. at 4-5. Defendants contend that plaintiff filed most of his frivolous documents simply to harass defendants and that plaintiff is wasting judicial resources. *Id*. at 5. Defendants allege that many of plaintiff's filings continue to assert accusations of perjury and fraud that have been previously been addressed by the court at least twice, and many simply set forth again his arguments in opposition to summary judgment and/or are unsupported by any legal authority. *Id*.

Defendants move the court for an order that restricts plaintiff from filing any document without receiving prior express approval from the court, or in the alternative, that permits defendants to disregard any filing by plaintiff with any failure by defendants to respond or oppose not to be

deemed a consent to the motion under Local Rule 7-2(d), unless defendants are otherwise ordered by the court to respond. *Id*. at 2.

Plaintiff opposed defendants' motion (#91). He appears to mainly argue that his motions and filings were not frivolous. *Id.* While he reasserts claims of "perjury," it appears that he simply disputes defendants' arguments as set forth in their summary judgment motion. *Id*.

## II. DISCUSSION & ANALYSIS

### A. Legal Standard

As a preliminary matter, the court notes that plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)). However, because a pre-filing order implicates a litigant's right of access to the courts, the court should enter such an extreme remedy "only after a cautious review of the pertinent circumstances." *Id*. Prior to entering a pre-filing order, the court must give the litigant notice and an opportunity to be heard. *Id*. (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). The court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id*. "'An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed.'" *Id*. at 1059 (quoting De Long, 912 F.2d at 1147). To determine whether the litigant's conduct is frivolous or harassing, the court evaluates "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id*.

(quotation omitted). Finally, a pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Id*. (quotation omitted). A pre-filing order is overbroad if it prevents the litigant from filing any suit in the court, or applies to a suit against anyone when the record showed the plaintiff was litigious with respect to only one group of defendants. *Id*. at 1061. Whether to enter a pre-filing order against a vexatious litigant lies within the court's discretion. *Id*. at 1056.

**B. Analysis**

The docket reflects that plaintiff filed the following eight motions from March to June 2013 that required defendants' response:

1. Motion to counter strike (#63)
2. Motion for sanctions (#65)
3. (Fourth) motion for counsel (#66)
4. Miscellaneous motion (#73)
5. Rule 9 motion (#78)
6. Motion to strike (#79)
7. Motion for reconsideration (#80)
8. Motion for hearing (#85)

Subsequent to defendants' motion for vexatious litigant, this court filed its Report and Recommendation (#90) recommending that defendants' motion for summary judgment be granted in part and denied in part, which the District Court adopted in its order dated August 30, 2013 (#93). Thus, presently, this case is proceeding solely on plaintiff's Eighth Amendment excessive force claim against defendants Aten, Henson, Wiley and Miller. *Id*.

Here, the court agrees that many of plaintiff's filings set forth above appear to mainly set forth arguments against defendants' motion for summary judgment. On October 11, 2013, the court entered an order denying all eight motions (#98). Accordingly, all motions that led defendants to file this motion for vexatious litigant have been resolved. Also, while not determinative here, the court may take judicial notice of its docket and notes that—unlike plaintiffs in other matters that this court has declared vexatious litigants—this action appears to be the only action that this plaintiff has filed

in this court. Moreover, while it is always improper to file duplicative or frivolous motions, plaintiff's numerous motions largely related to the pending summary judgment motion, which has now been resolved. Plaintiff has not filed a single motion since the disposition of the motion for summary judgment. A pre-filing restriction on plaintiff is an extreme measure. *Molski*, 500 F.3d at 1057. After careful review of the circumstances, the court determines that such a drastic sanction on this *pro se* plaintiff is not warranted at this time. The court therefore recommends that defendants' motion for vexatious litigant (#86) be denied without prejudice. Plaintiff is expressly cautioned that defendants have leave to file a new motion for vexatious litigant if in the future plaintiff files frivolous documents merely to harass defendants and which serve only to waste judicial resources.

## III.  CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that defendants have not demonstrated that the extreme remedy of declaring plaintiff a vexatious litigant is warranted at this time, and therefore, the court recommends that defendants' motion for vexatious litigant (#86) be **DENIED** without prejudice. The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.     RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for vexatious litigant (#86) be **DENIED** without prejudice.

**DATED:**  November 18, 2013.

_____
**UNITED STATES MAGISTRATE JUDGE**